UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MISTER SOFTEE, INC.,**<br><br>        Plaintiff,<br><br>    v.<br><br>**MARIA ESPINOSA-CAMACHO,**<br><br>        Defendant. | Civ. No. 2:12-cv-1422 (WJM)<br><br>**OPINION** |

  Plaintiff Mister Softee Inc. ("Mister Softee") moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for a default judgment enjoining Defendant Maria Espinosa-Camacho from operating an ice cream truck with exterior designs that allegedly infringe Plaintiff's intellectual property. For the reasons stated below, the Court will **GRANT** Plaintiff's motion for default judgment, and it will **ENJOIN** Defendant from further infringement.

  Plaintiff commenced this action on March 7, 2010, seeking damages and injunctive relief for trademark infringement and unfair competition. ECF No. 1. The Complaint alleges that Espinosa-Camacho is, without permission, operating an ice cream that copies the design of a Mister Softee ice cream truck. *Id.* at ¶¶ 17-18. Notably, the Complaint alleges that Defendant's truck has what appears to be the same blue trim as Mister Softee trucks, and that Defendant's truck also contains other features distinctive of a Mister Softee truck. *Id.* at Ex. B. Plaintiff served Defendant with the Complaint on March 25, 2012. ECF No. 5. Defendant did not answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk has entered default against Defendant on March 13, 2012. ECF No. 6. Thereafter, Plaintiff filed the instant motion for default judgment. ECF No. 8. Plaintiff served Defendant with the instant motion on July 10, 2013. ECF No. 8-3.

  The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See, e.g.*, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug*

*Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. The Complaint alleges that Plaintiff has a federal trademark for the overall design of the Mister Softee ice cream truck at Registration No. 2906357. Compl. ¶ 8. The Complaint further alleges that Defendant is operating an ice cream truck that copies the design of a Mister Softee ice cream truck. *Id.* ¶ 18. In sum, the factual allegations of the Complaint, taken as true, are sufficient to establish that Defendant is liable to Plaintiff for trademark infringement. Second, the Court finds that there is no basis for Defendant to claim a meritorious defense. Third, it is clear that Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving the requested relief, including an injunction to prevent further infringement. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has established an entitlement to the entry of a permanent injunction preventing Defendant from further infringement. A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief by demonstrating: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Defendant is operating an ice cream truck that could easily be mistaken for a Mister Softee ice cream truck. Any damage associated with customer confusion would be difficult to quantify. Defendant makes no showing that the balance of hardships might somehow tip in its favor. And protecting intellectual property is presumptively within the public interest.

Finally, Plaintiff requests that the Court award attorney's fees under 15 U.S.C. 1117(a), which provides for fees in "exceptional cases," such as where infringement is malicious, fraudulent, or knowing. *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 585 (E.D. Pa. 2002). Litigation conduct can also serve as the basis for an award of attorney's fees. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000).

An award of attorney's fees is proper because the Complaint alleges willful infringement, because the Defendant did not answer the Complaint, and because the Clerk of the Court entered a default. *See Chanel, Inc. v. Guetae*, 7-3309, 2009 WL 1653137, at *2 (D.N.J. June 8, 2009) ("Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint."); Compl. ¶ 22 (alleging willful infringement). Though Defendant's counsel has submitted an opposition brief stating

that the infringement was not willful, the Court cannot consider that brief since Defendant's counsel is not admitted to the bar of the United States District Court for the District of New Jersey.  ECF No. 10-2.[1]

But even if the Court were to consider the opposition brief and accept that the infringing conduct was not willful, an attorney fee award would still be proper based on litigation conduct.  On February 6, 2012, Defendant served a cease and desist letter on Plaintiff asking her to stop infringing Plaintiff's intellectual property.  Compl. ¶ 19.  In her opposition brief, Defendant maintains that she acted in good faith to remove the allegedly infringing elements from her ice cream truck.  Pl.'s Br. at 1.  After Plaintiff filed a complaint, Defendant failed to answer, and the Clerk of the Court entered default.  ECF Nos. 1, 6, 7.  After default was entered, the parties entered into settlement negotiations.  Certification of Frank Reino ¶ 2, ECF No. 11-1.  On August 30, 2012, Plaintiff's counsel contacted Defendant's counsel and informed her that Defendant's ice cream truck still included infringing elements.  *Id.* ¶ 5.  On September 27, 2012, Defendant's counsel informed Plaintiff's counsel that she would follow up with Defendant.  *Id.* ¶ 6.  Plaintiff's counsel contacted Defendant's counsel three times between September 27, 2012 and July 10, 2013, but he received no response.  *Id.* ¶¶ 7-8.  Defendant's counsel only contacted Plaintiff's counsel after the instant motion was filed.  *Id.*  Based on this conduct, the Court finds that this case is "exceptional."  Accordingly, an award of attorney's fees is warranted.  Plaintiff has submitted an attorney certification requesting $4,724.32 in fees and costs.  The Court has reviewed this certification, and it finds that it is to be a reasonable request in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Court will **ENJOIN** Defendant from further infringing Mister Softee's intellectual property.  The Court will award attorney's fees in the amount of $4,724.32.  An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 4, 2013**

---

[1] In a telephone call, Defendant's counsel informed the Court that she was in the process of getting admitted to this Court's bar, and she asked if she could submit a hard copy of her opposition brief as opposed to an electronically filed copy.  The Court allowed Defendant's counsel to submit a hard copy of her opposition brief, but the Court did not say it would consider a brief filed by someone who is not a member of this Court's bar.  As of this date, Defendant's counsel has not gained admission to this Court's bar.  Accordingly, the Court cannot consider Defendant's opposition brief.  Nor can the Court rule on Defendant's motion to dismiss the Complaint on mootness grounds.  Even if the Court could consider it, the Court would deny the motion since Plaintiff maintains that Defendant continues to violate its intellectual property rights.